ISAAC P. CLARKE & another *vs.* MARY E. PALMER.

Suffolk. March 17. — Sept. 10, 1880. AMES & LORD, JJ., absent.

A. held three mortgages on a parcel of land, and there was a fourth mortgage on the same, owned one third by B. and two thirds by C. B. assigned his one third to C., who agreed that he would account to B. for one third of the profits arising out of the sale of the estate. C. then foreclosed the mortgage, and became owner of the equity of redemption. Neither B. nor C. was liable for the payment of the notes secured by the three prior mortgages held by A. On a settlement of accounts between A. and B. arising out of other transactions, B. allowed A. to charge him with one third of the interest due on the three mortgage notes, thereby reducing A.'s debt to B. A. died, leaving a will in which his wife was appointed executrix and was the residuary legatee. She gave bond in common form, and not to pay debts and legacies. After A.'s death, B. charged in his books the balance of A.'s debt to A.'s estate, and, in 1874, so informed A.'s wife, and also told her that he would allow, as a set-off against this debt, one third of the interest falling due on the three mortgage notes, so long as C. continued to pay his two thirds of the same. This arrangement was carried out, and the interest was so indorsed on the notes until 1877, leaving a considerable balance then due B. from A.'s estate. A.'s wife rendered her final account as executrix in 1874, by which it appeared that the balance was paid to her as residuary legatee, and in this balance were included the three mortgage notes. *Held*, that she was not liable in equity to B. for her husband's debt.

ENDICOTT, J. This is a bill in equity, which as originally brought sought to restrain the defendant from selling certain real estate, under a mortgage assigned to her as collateral security for a note of $1500, signed by George F. Clarke, one of the plaintiffs, and guaranteed by Isaac P. Clarke, the other plaintiff

The bill also prayed for an account, and that the plaintiffs might redeem; and alleged that the sum of $1500 was lent by the defendant to Isaac P. Clarke, and that he had rendered services to the defendant, in the settlement of the estate of her late husband, William W. Palmer, of which estate she was the executrix under the will; and that she agreed that the charges due for these services should be set off against the amount due upon the note.

The master has found the value of these services, and, after allowing the same, he finds that there is due to the defendant on the note the sum of $967.75. To this finding no exception is taken by either party.

While the case was pending before the master, the plaintiffs filed an amendment to their bill, in which they alleged that William W. Palmer was, at the time of his death, in February 1874, indebted to Isaac P. Clarke in the sum of $2059, and that the defendant agreed to assume and pay this sum; that a portion had been paid since the death of William W. Palmer, and that the balance remaining due should be allowed in settling the amount due upon the note for $1500. It is not contended that the defendant ever executed any agreement in writing by which she promised to pay, out of her own estate, the sum thus alleged to be due from the estate of which she was the executrix. Gen. Sts. c. 105, § 1. This would seem to be fatal to the claim against the defendant; but, as the plaintiff contends that she is liable, upon the facts found by the master, on other grounds, it becomes necessary to deal with the facts as presented.

On this branch of the case, it appears from the master's report that William W. Palmer, some time previous to his death, held three mortgages on a certain parcel of real estate; and that there was a fourth mortgage on the same, in which Isaac P. Clarke held one third interest, and Moses Pond the other two thirds. This one third Clarke assigned to Pond, who gave to Clarke an agreement that he would account to him for one third of the profits arising out of the sale of the estate. Pond then foreclosed the mortgage, and became owner of the equity of redemption. Neither Pond nor Clarke was liable for the payment of the notes secured by the three prior mortgages held by Palmer.

On a settlement of accounts between Isaac P. Clarke and William W. Palmer in October 1873, arising out of other transactions, Clarke allowed Palmer to charge him with one third of the interest due on the three mortgage notes, thereby reducing Palmer's indebtedness to Clarke, so that, at the time of Palmer's death, the master finds he was indebted to Clarke in the sum of $2059. After Palmer's death, Clarke charged this sum in his books to the estate of Palmer, and he so informed the defendant in the winter or spring of 1874; and, at the same time, told her that he would allow as a set-off against this sum one third the interest falling due on the three mortgage notes, so long as Pond continued to pay his two thirds of the same. This arrangement was carried out, and the interest was so indorsed on the notes until February 1877, leaving a considerable balance then due Clarke from the estate, as found by the master, which the plaintiffs contend should be set off against the amount found due on the note of $1500. At the time this proposal was made, in pursuance of which the interest was afterwards indorsed on the notes, the defendant held the notes as executrix; she rendered her final account in June 1874, by which it appears that the balance was paid to her as residuary legatee under the will; and in this balance were included the three mortgage notes, and, after she thus held the notes, interest was indorsed until February 1877. The defendant gave bond as executrix in common form, and gave no bond as residuary legatee to pay debts and legacies.

We do not find in these facts any ground for holding that the estate of W. W. Palmer was no longer liable for this debt, and it does not appear that Clarke, in any manner, released his claim against the estate. Nor was Clarke under any legal obligation whatever to continue the allowance of one third interest on the mortgages in reduction of the debt; and it was part of his proposal, that he would allow one third only so long as Pond paid the other two thirds.

The master has found that the defendant never admitted that the debt was a valid claim against the estate, and never agreed orally or in writing to assume it, to which findings the plaintiff has excepted. The evidence is reported, and we cannot say the master's finding that she never orally agreed to assume it is erroneous. Nor is there any evidence that she ever admitted

that it was a valid claim against the estate, except by allowing one third of the interest on the notes to be indorsed thereon in reduction of the alleged debt. All that Isaac P. Clarke testified before the master in relation to the agreement was this : " I told Mrs. Palmer that I would allow, as an offset against that, (the debt from the estate,) one third of the interest on the mortgages, so long as Pond paid his interest on the two thirds ; that in my settlement with Mr. Palmer I had allowed him interest on the three mortgages up to that settlement, and I would continue it on. She agreed to it." The defendant denies that she agreed to it, but admitted that the interest was indorsed, as stated above. This occurred while she was executrix.

There is no evidence that she made any agreement on the subject, oral or written, after she received the mortgages and notes, as residuary legatee under the will. The fact that, after that time, she allowed the interest to be indorsed upon the notes, cannot be taken as a promise in law by her to assume the debt due from the estate ; whatever may be the effect of her making, or allowing the same to be made, when the question arises what is due on the mortgages, or what is due from the estate to Clarke. Such indorsements thus made cannot be held to be equivalent to an assumption of a debt due from the estate, any more than they could be held to impose upon Clarke an obligation to pay one third of the three mortgage notes. It would be inequitable thus indirectly to place this burden upon her, while Clarke had assumed no legal obligation to pay his proportion of the mortgages and interest, and had only undertaken to pay one third the interest thereon while Pond continued to pay the other two thirds.

We cannot, therefore, hold that the Gen. Sts. c. 105, § 1, have no application to this case, because, on the facts disclosed, the defendant had a fund in her hands from which she was bound to pay this debt due from the estate. The exceptions to the report of the master were properly overruled, and a decree must be entered that the plaintiff may redeem on paying the sum found due by the master on the note of $1500.

*Decree accordingly.*

*E. M. Johnson,* for the plaintiffs.
*E. B. Callender,* for the defendant.